EQUICREDIT CORPORATION OF CONNECTICUT *v.*
DAVID S. KASPER ET AL.
(AC 31342)

Harper, Alvord and Pellegrino, Js.

Argued April 14—officially released June 22, 2010

*Katherine E. Abel,* with whom was *Gerald L. Garlick,* for the appellant (plaintiff).

*Nancy E. Fraser,* with whom, on the brief, was *Thomas A. Borner,* for the appellees (defendants).

*Opinion*

ALVORD, J. In this action for a declaratory judgment, the plaintiff, Equicredit Corporation of Connecticut, appeals from the summary judgment rendered by the trial court in favor of the defendants, David S. Kasper and Linda M. Kasper. We affirm the judgment of the trial court.

The following facts are undisputed. On April 10, 1996, the defendants sold the property located at 116 Orchard Hill Road in Pomfret to John Carpenter. Carpenter financed the purchase of the property with a mortgage given to the plaintiff to secure a $243,750 loan (plaintiff's first mortgage).[1] The plaintiff's first mortgage was duly recorded on December 26, 1996. On March 10, 1997, Carpenter granted the defendants a mortgage to secure a $93,000 loan (defendants' mortgage). The defendants' mortgage was duly recorded on March 11, 1997. On September 16, 1998, Carpenter granted the plaintiff another mortgage to secure a $265,000 loan (plaintiff's second mortgage). The plaintiff's second mortgage was duly recorded on the same day. The proceeds of the

---

[1] The purchase of the property also was financed with a mortgage given to the defendants to secure a $51,000 loan. The $51,000 mortgage given to the defendants was paid in full and released. It is not at issue in this appeal.

plaintiff's $265,000 loan were used to pay off and release the plaintiff's first mortgage. This left the defendants' mortgage in the first priority position and the plaintiff's second mortgage in the second priority position.

On August 14, 2006, the plaintiff sought a declaratory judgment pursuant to the doctrine of equitable subrogation that the defendants' mortgage, duly recorded in 1997, was subsequent and subordinate to the plaintiff's second mortgage, duly recorded in 1998. The plaintiff claimed that although it had actual or constructive notice of the defendants' mortgage, it never intended to take a subordinate lien. It argued that the proceeds of its $265,000 loan were intended to pay off all preexisting encumbrances on the property and claimed that its mistake in failing to pay off the defendants' mortgage entitled it to equitable subrogation. On December 5, 2006, the plaintiff filed a motion for summary judgment. On May 24, 2007, the court, *Martin, J.*, denied the plaintiff's motion. The court found that the plaintiff was not entitled to equitable subrogation where it had knowledge of the defendants' intervening mortgage and there was no evidence of neglect, fraud, confusion or unfair behavior on the part of the defendants. On December 4, 2007, the defendants filed a motion for summary judgment. On July 8, 2009, the court, *Hon. Russell F. Potter, Jr.*, judge trial referee, granted the defendants' motion. The court found that the plaintiff was not entitled to equitable subrogation where it was not ignorant of the defendants' lien, and its mistake in releasing its first mortgage was not based on any fraud by the defendants and did not result in any windfall to the defendants. This appeal followed.[2]

Our review of a decision rendered in equity is limited. "The determination of what equity requires in a particular case . . . is a matter for the discretion of the trial

[2] Both parties agree that no material facts are in dispute, and neither party challenges the propriety of the court's disposal of the case by summary judgment.

court. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of [the trial court's] action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Allstate Ins. Co.* v. *Palumbo*, 109 Conn. App. 731, 736–37, 952 A.2d 1235 (2008), rev'd on other grounds, 296 Conn. 253, 994 A.2d 174 (2010).

"The law relating to the priority of interests has its roots in early Connecticut jurisprudence. A fundamental principle is that a mortgage that is recorded first is entitled to priority over subsequently recorded mortgages provided that every grantee has a reasonable time to get his deed recorded." *Independence One Mortgage Corp.* v. *Katsaros*, 43 Conn. App. 71, 73, 681 A.2d 1005 (1996). The doctrine of equitable subrogation provides an exception to the first in time, first in right rule and "has been applied in certain limited circumstances to rearrange the priorities of parties in a case." Id. "The object of [equitable] subrogation is the prevention of injustice." (Internal quotation marks omitted.) *Rosenblit* v. *Williams*, 57 Conn. App. 788, 793, 750 A.2d 1131, cert. denied, 254 Conn. 906, 755 A.2d 882 (2000). Where fairness and justice require, "one who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien of which he was ignorant." (Internal quotation marks omitted.) Id.

The plaintiff claims that it should be subrogated to the priority position because it intended to secure its $265,000 loan with a first mortgage on the property but mistakenly failed to pay off the defendants' intervening mortgage with the proceeds.[3] We disagree. "Our

[3] It is not clear what the plaintiff meant to do. The loan secured by the plaintiff's second mortgage was in the amount of $265,000. This is almost exactly the same amount needed to satisfy the plaintiff's first mortgage,

Supreme Court has stated that [i]n numerous cases it has been held that one who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien of which he was ignorant." (Internal quotation marks omitted.) *Independence One Mortgage Corp.* v. *Katsaros,* supra, 43 Conn. App. 73–74. Moreover, equitable subrogation is not available where it "would work [an] inequity to the defendant." *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.,* 123 Conn. 232, 243, 193 A. 769 (1937).

"Equity always looks to the substance of a transaction and not to mere form." *Connecticut National Bank* v. *Chapman,* 153 Conn. 393, 397, 216 A.2d 814 (1966). The facts of this case do not necessitate an equitable solution. The plaintiff admitted that it had actual or constructive notice of the defendants' mortgage and was not ignorant of the defendants' lien.[4] The court found that the defendants' conduct was not improper in any way. There was no evidence that the defendants ever intended or agreed to be subordinated to a new encumbrance on the property, and the defendants did not receive an undue advantage as the result of the

$252,399.54, plus settlement costs, $11,468. If, as it argues, the plaintiff intended to pay off both its first mortgage and the defendants' mortgage, then, simple math reveals that it lent $80,399.54 too little, and if the plaintiff intended to pay off the defendants' mortgage and leave its first mortgage intact, then it lent $172,000 too much. Nevertheless, the important point remains that the mistake occurred without any help from the defendants.

[4] The plaintiff relies on *Connecticut National Bank* v. *Chapman,* supra, 153 Conn. 393 (subrogation permitted when failure to do so would result in unjust enrichment of intervening lienholder), and this court's use of the word "mistake" in *Independence One Mortgage Corp.* v. *Katsaros,* supra, 43 Conn. App. 75, to argue that equitable subrogation is nevertheless applicable. *Connecticut National Bank* is distinguishable on its facts, and we do not read *Independence One Mortgage Corp.* as a directive to the trial court to absolve *every* mistake made in connection with the release of a mortgage by equitable subrogation.

plaintiff's mistake. Under the circumstances, to subordinate the defendants' mortgage to the plaintiff's mortgage would be to burden the defendants with the consequences of the plaintiff's mistake, a mistake in which the defendants played no part. The court found that equity did not require such a result, and we conclude that the court did not abuse its discretion. See *Lewis* v. *Hinman*, 56 Conn. 55, 66–67, 13 A. 143 (1887) ("[I]t is just and equitable that the [priority lienholder] should have the full benefit of his security. . . . [The party seeking subrogation] stands precisely where he placed himself. The [priority lienholder] has done nothing to his prejudice. If through his ignorance of certain facts [the party seeking subrogation] is in a worse condition than he otherwise would have been [and] the [priority lienholder] is in no wise responsible for it . . . there is no reason for transferring the consequences thereof . . . unless [the priority lienholder] thereby obtains some undue advantage.").

The judgment is affirmed.

In this opinion the other judges concurred.